(January 11, 1965)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS F. BARRON, Petitioner, v. WALTER M. WALLACK, as Warden of Wallkill Prison, Respondent. — Application, pursuant to CPLR 7002 (subd. [b], par. 2) for a writ of habeas corpus, denied as insufficient on its face. (*People* v. *Josey*, 19 A D 2d 660.) Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALFRED WILSON, Petitioner, v. DANIEL McMANN, as Warden of Clinton Prison, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2) for a writ of habeas corpus denied for failure of compliance with CPLR art. 70 and more particularly for petitioner's failure to annex to the petition a copy of the mandate by virtue of which he is detained, as required by CPLR 7002 (subd. [c], par. 1) and as otherwise insufficient on its face. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

(January 12, 1965)

■ PETER AVERY, Respondent, v. COUNTY OF BROOME, Appellant.— *Per Curiam.* Defendant, County of Broome, appeals from an order of the Supreme Court at Special Term denying its motion for summary judgment (Rules Civ. Prac., rule 113). The separate defense founded on the provision of the State Constitution (art. IX, § 5) which renders a county immune from liability for the acts of a Sheriff and his deputies committed in the course of their official duties does not bar this action, grounded, as it is, on the supposed negligent acts and omissions of other county agents and employees. Order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.

■ In the Matter of the Claim of JULIA HUGHES, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— HERLIHY, J. This appeal is from the board's determination that claimant voluntarily left her employment without good cause by provoking her discharge. (See Labor Law, § 593.) We cannot say that the record does not justify the board's resolution that the credible evidence did not sustain claimant's contention as to the effect upon her health by the new working conditions and that her apparent inability to get along with her superior did not constitute good cause for her voluntary separation from her employment. Such factual findings are within the exclusive province of the board. Decision affirmed, without costs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.